UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHEN JOHN KARES,

      Petitioner,

                                      CASE NO. 2:19-CV-7

v.

                                        HON. ROBERT J. JONKER

CONNIE HORTON,

      Respondent.

_____/

## ORDER REGARDING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this matter (ECF No. 11) and Petitioner's Objection to it (ECF Nos. 12 & 13). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge concluded that Petitioner's habeas petition was untimely under AEDPA's one-year statute of limitations. In brief, the Magistrate Judge observed that the Michigan

Supreme Court denied Petitioner leave to file an appeal of his state court criminal case on September 5, 2014 and then denied Petitioner's motion for reconsideration on September 29, 2014. The one-year limitations period began to run on December 29, 2014, ninety days later. On September 26, 2015 (when there were 94 days remaining in the limitations period) Petitioner filed a motion for relief from judgment in the State trial court. The Magistrate Judge found the statute of limitations was tolled while those proceedings were pending, and that it began to run again after the Michigan Supreme Court denied Petitioner's motion for leave to appeal on December 27, 2017. The Magistrate Judge concluded the 94 days expired on April 2, 2018, roughly eight months before Petitioner filed his habeas petition. On that basis, the Magistrate Judge recommended this Court dismiss the habeas petition as time-barred.

Petitioner's Objection argues the statute of limitations was tolled again on February 12, 2018 (before the statute had run) when the trial court denied Petitioner the further relief he sought in that court. Petitioner asserts he then pursued that denial to the Michigan Supreme Court and that court subsequently denied the motion on April 2, 2019. By then, however, he had filed the instant habeas petition. All this is new information that was not available to the Magistrate Judge. Petitioner should have submitted it originally, but the Court is reluctant to have a time-bar dismissal on what would amount to a forfeiture theory, especially where Petitioner's initial opportunity to address the Magistrate Judge's specific concern arose after the Magistrate Judge spelled it out in the Rule 4 Report and Recommendation.

With respect to Petitioner's claim, it is plain that the mere filing of additional post-conviction motions does not always toll the statute of limitations. *See, e.g., Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that a second motion for relief from judgment that does not meet the

limited exceptions of Mich. Ct. R. 6.502(G)(1) is not "properly filed" under Section 2244(d)(2) and does not toll the statute of limitations). Here the grounds for the trial court's February 12, 2018 denial is not clear from the available record. This Court, however, has received courtesy copies of the public records directly from the State court relating to Petitioner's criminal case. Those records reflect that on February 5, 2018 Petitioner filed a motion for DNA testing and for a new trial under MICH. COMP. LAWS § 770.16. The trial court then denied that motion in a February 12, 2018 Opinion and Order. The question, then, is whether Defendant's motion for DNA testing under MICH. COMP. LAWS § 770.16 tolls AEDPA's statute of limitations in Section 2244(d)(2). To the Court's knowledge, no court has considered the issue with respect to the Michigan statute.

Those courts that have considered other statutes have split on the matter. Whether a state statute providing for post-conviction DNA testing serves to toll the statute of limitations appears to be highly dependent on the scope of available relief the statute provides. Those statutes providing for discovery only generally conclude that a post-conviction motion for DNA testing does not toll the AEDPA statute of limitations. *See Brown v. Sec'y for the Dep't of Corr.*, 530 F.3d 1335 (11th Cir. 2008); *see also Woodward v. Cline*, 693 F.3d 1289 (10th Cir. 2012); *Price v. Pierce*, 617 F.3d 947 (7th Cir. 2010). On the other hand, where the discovery may ultimately result in judicial review of the judgment based on the test results, courts have found that a state statute does toll AEDPA's statute of limitations. *See Hutson v. Quarterman*, 508 F.3d 236, 238–39 (5th Cir. 2007)*; McDonald v. Smith*, 2003 WL 22284131 (E.D. N.Y. 2003) , *aff'd*, 134 F. App'x 466 (2d Cir. 2005) ("Motions pursuant to [New York's DNA testing statute] are motions to vacate and, therefore, challenge the conviction[.]").

Petitioner arguably is entitled to statutory tolling of the limitations period during both the pendency of his first motion for relief from judgment, and his motion for biological testing. *See* 28 U.S.C. § 2244(d)(2). Based on the undeveloped record of this case, the new information in Petitioner's Objections, and the above authority, the Court cannot concluded that "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. The Michigan DNA statute may, or may not, serve to toll AEDPA's statute of limitations. The Court is satisfied the parties should have an opportunity to litigate the matter on a more fully developed record. Given this decision, the Court need not address at this time Petitioner's second objection that his alleged actual innocence serves to excuse him from the statute of limitations or whether a certificate of appealability should issue.

**ACCORDINGLY, IT IS ORDERED** that Respondent shall file an answer or other pleading with respect to the petition for a writ of habeas corpus filed by the Petitioner herein within **one hundred eighty (180) days** of the entry of this Order. No extensions of time will be granted.

The answer of the Respondent shall comply with the requirements of Rule 5 of Rules Governing Section 2254 Cases in the United States District Courts. Along with any other argument that Respondent deems necessary, the Respondent shall address the question of whether Petitioner is entitled to statutory tolling of the AEDPA statute of limitations under MICH. COMP. LAWS § 770.16, including how that might affect any exhaustion analysis. Respondent is further notified that the failure to raise affirmative defenses in the first responsive pleading may constitute a waiver of such defenses. *See* FED. R. CIV. P. 8(c). Petitioner may submit a reply to the Respondent's answer within **forty-two (42) days** after the answer is filed. Rule 5(e) of Rules Governing Section 2254 Cases.

The Clerk of the Court shall serve one copy of the petition and amended petition, and this Order by regular mail on the Respondent and one copy by certified mail on the Attorney General of the State of Michigan.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 11) is **REJECTED** in so far as it recommends dismissing the habeas petition as untimely.

Date:    July 30, 2019                          /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                CHIEF UNITED STATES DISTRICT JUDGE